IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. [3] JEFFRI DAVILA-REYES, Defendant | CRIM. NO. 15-721(FAB) |

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Rule 11(c)(1)(A) & (B) FRCP)

**TO THE HONORABLE COURT:**

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Capo-Iriarte, Assistant United States Attorney, Chief Criminal Division; Mariana Bauza, Assistant United States Attorney, Deputy Chief, Narcotics Unit; Glenn H. Goetchius, Special Assistant United States Attorney for said District; and Jeffri Davila-Reyes, Defendant, by and through Defendant's counsel, Raymond L. Sanchez-Maceira, Esq., pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT(S) TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count ONE of the Indictment, charging Defendant with knowingly and intentionally combining, conspiring, confederating and agreeing with others, to commit an offense defined in Title 46, United States Code, Section 70503, that is: to possess with intent to distribute **five (5) kilograms** or more a mixture or substance containing a detectable amount of **cocaine**, a Schedule II, Narcotic Drug Controlled Substance, on board a vessel subject to the jurisdiction of the United States, as defined in Title 46, United States Code,

Section 70502(c)(1)(A). All in violation of Title 46, United States Code, Sections 70503(a)(1), 70504(b)(1) & 70506(a) and (b).

## 2. STATUTORY PENALTIES

Defendant understands that the penalty for the above mentioned count is as follows: a term of imprisonment which may not be less than ten (10) years and not more than life; and a term of supervised release of at least five (5) years. The Court may also impose a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, United States Code, or $10,000,000.00.

## 3. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decision issued on January 12, 2005, by the Supreme Court of the United States, in the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

## 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

## 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also that the Court may impose restitution. As part of this plea agreement, Defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines.

Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Defendant cannot be placed on probation, nor have the imposition or execution of the sentence suspended. Further, Defendant acknowledges that parole has been abolished.

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that Defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition of sentence. Defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7. **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

**8.   STIPULATION AS TO THE AMOUNT OF NARCOTICS**

The United States of America and Defendant stipulate for purposes of this plea agreement that Defendant shall be accountable for possessing at **least 5 kilograms but less than 15 kilograms of cocaine**, on board a vessel subject to the jurisdiction of the United States.

**9.   SENTENCING GUIDELINE CALCULATIONS**

Although the Guidelines are advisory, the sentencing court is required to consider the Guideline "sentencing range established for ... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. United States v. Booker, 543 U.S. 220, 224 (2005). Therefore, after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the United States and Defendant submit the below advisory Sentencing Guideline calculations:



| 2015 UNITED STATES SENTENCING GUIDELINES CALCULATION TABLE<br>< COUNT ONE ><br>46 U.S.C. §§ 70503(a)(1), 70504(b)(1) & 70506(b) | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Base Offense Level**<br>[§§2D1.1(a)(5) & 2D1.1(c)(3)] | Parties stipulate that defendant is responsible for possession of at least 5 kgs of cocaine but less than 15 kgs of cocaine | | | | | | 30 |
| **Adjustment**<br>[§ 3E1.1(a)&(b)] | Defendant timely accepted responsibility and offense level is 16 or more | | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | | | 27* |
| **Sentencing Ranges** | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| | 27 | 070-087 | 078-097 | 087-108 | 100-125 | 120-150 | 130-162 |

* NOTE: There is a 10 yr. Mandatory Statutory Minimum pursuant to 21 U.S.C. § 960(b)(1)(B)(ii) because the Defendant possessed with intent to distribute 5 KGs or more of cocaine.

**10.   SENTENCE RECOMMENDATION**

The United States and the Defendant, after considering the advisory Sentencing Guidelines and all applicable sentencing factors in Title 18, United States Code, Section 3553, reserve the right to recommend a sentence of 120 months if the criminal history category

determined by the Court is I through V. If criminal history category determined by the Court is VI, the parties reserve the right to recommend a sentence of confinement at the lower end of the applicable Guideline Sentencing Range for a total offense level of **27** when combined with defendant's criminal history category as determined by the Court.

### 11. WAIVER OF APPEAL

Defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that Defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

### 12. FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE

The United States and Defendant agree that no further adjustments or departures may be sought by either party and that any request by Defendant for an adjustment or departure will be considered a material breach of this plea agreement.

### 13. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do not stipulate any assessment as to Defendant's Criminal History Category.

### 14. DISMISSAL OF REMAINING COUNTS

The United States agrees that they will move to dismiss Count TWO of the Indictment in exchange for Defendant's plea of guilty to Count ONE.

### 15. FORFEITURE PROVISION

Pursuant to Title 46, <u>United States Code</u>, Section 70507, Defendant agrees to forfeit all of his right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

Defendant acknowledges that forfeiture is part of the sentence that may be imposed in this case and hereby agrees to the entry of an order of forfeiture at the time of sentencing. As part of Defendant's Plea Agreement with the United States, Defendant consents to and agrees not to contest the forfeiture of the government.

### 16. IMPACT UPON IMMIGRATION STATUS

Defendant is an alien. Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon Defendant's immigration status with the United States.

### 17. SATISFACTION WITH COUNSEL

Defendant represents to the Court to be satisfied with counsel, Raymond L. Sanchez-Maceira, Esq., and indicates that counsel has rendered effective legal assistance.

### 18. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict

of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

19. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, Defendant agrees that said statement of facts will be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

### 20. LIMITATIONS OF PLEA AGREEMENT

Defendant is fully aware that the Court is not bound by this plea agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant; it does not bind any other federal district, state or local authorities.

### 21. ENTIRETY OF PLEA AGREEMENT



This Plea Agreement and its supplement constitute the complete agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in the Plea Agreement and its one supplement, and deny the existence of any other terms and conditions not stated therein.

### 22. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 23. BREACH AND WAIVER

Defendant understands and agrees that if Defendant breaches the Plea Agreement, Defendant may be prosecuted and sentenced for all of the offenses that Defendant may have committed. Defendant agrees that if Defendant breaches this Plea Agreement, the government reserves the right to take whatever steps are necessary to nullify the Plea Agreement, including the filing of a motion to withdraw the Plea Agreement and/or set aside the conviction and sentence. Defendant also agrees that if he is in breach of this Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not

been previously prosecuted. Defendant further agrees that if he is in breach of this Plea Agreement, Defendant is deemed to have also waived any objection to the filing of any additional charges against him.

ROSA EMILIA RODRÍGUEZ-VÉLEZ
United States Attorney

_____
José Capo-Iriarte,
Assistant U.S. Attorney
Chief, Criminal Division
Date: 3/29/16

_____
Per Mariana J. Bauza Chief
Mariana Bauza,
Assistant U.S. Attorney
Deputy Chief, Narcotics Unit
Date: 3.29.2016

_____
Glenn H. Goetchius,
Special Assistant U.S. Attorney
Date: 3/28/16

_____
Jeffri Davila-Reyes r,
Defendant
Date: _____

_____
Raymond L. Sanchez-Maceira, Esq.
Counsel for Defendant
Date: 4/4/2016

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. In addition, I understand my rights with respect to the provision of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 1/4/2016

_____
Jeffri Davila-Reyes,
Defendant

I am the attorney for Defendant. I have fully explained to Defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of Defendant's plea of guilty.

Date: 1/4/2016

_____
Raymond L. Sanchez-Maceira, Esq.
Counsel for Defendant

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following summary setting forth the United States' version of the facts leading to Defendant's acceptance of criminal responsibility for Defendant's violation of Title 46, United States Code, Sections 70503(a)(1), 70504(b)(1) & 70506(b).

On or about October 29, 2015, a Maritime Patrol Aircraft (MPA) located go fast vessel operating in international waters approximately 30 nautical miles southeast of San Andres Island, Colombia. Once the subjects on the vessel counter-detected the MPA, they began jettisoning packages and fuel barrels overboard while heading south between 35-45 knots. The vessel was tracked by aircraft and eventually came to a stop. A U.S. Coast Guard (USCG) Boarding Team approached the vessel and commenced Right to Approach (ROA) questioning. The master claimed Costa Rican nationality for the vessel but provided no registration paperwork and there was no indicia of nationality on the vessel. The government of Costa Rica was approached and responded that it could neither confirm nor refute the registry of the suspect vessel. The vessel was determined to be one without nationality.

Once on board the vessel, the boarding team encountered three subjects, the Defendant, Jeffri Davila-Reyes, along with Jose Reyes-Valdivia and Wilfredo Elliz-Bolivar. The Boarding Team conducted IONSCAN swipes of the vessel and the hands and clothes of the Defendants, getting positive results for the presence of cocaine on multiple surfaces of the vessel and all three Defendants. Additional narcotics were not located on the boat and the jettisoned packages could not be recovered. However, for the purposes of the plea agreement, the Defendant admits that he conspired to possess with intent to distribute cocaine on board a vessel subject to the jurisdiction

of the United States and accepts responsibility for the possession of at least 5 kgs but no more than 15 kgs of cocaine.

The Defendants were detained and eventually transferred to San Juan, Puerto Rico, which was the first place they entered the United States subsequent to the commission of the above offense.

Had the United States proceeded to trial, it would have presented testimony of law enforcement agents, videos and photos of the vessel interdiction, expert testimony from an IONSCAN technician, and documentary evidence.

Discovery was provided to the defense in a timely manner.

_____
Glenn H. Goetchius
Special Assistant U.S. Attorney
Date: 4/4/16

_____
Jeffri Davila-Reyes,
Defendant
Date: 4/4/16

_____
Raymond L. Sanchez-Maceira, Esq.
Counsel for Defendant
Date: 4/4/16