**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA, )
Plaintiff, )
)
vs. )
)
[1] JOSE REYES-VALDIVIA )
[2] WILFREDO ELLIZ-BOLIVAR )
[3] JEFFRI DAVILA-REYES )
Defendants. )

CASE NO. 15-721 (FAB)

CHANGE OF PLEA HEARING

TRANSCRIPT OF CHANGE OF PLEA HEARING
HELD BEFORE THE HONORABLE JUDGE FRANCISCO A. BESOSA
SAN JUAN, PUERTO RICO
Monday, April 4, 2016

APPEARANCES:

For the United States:
GLENN H. GOETCHIUS, AUSA
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, PR 00918

For Defendant Reyes-Valdivia:
VIVIANNE M. MARRERO-TORRES, AFPD
Federal Public Defender's Office
Patio Gallery Building
241 Franklin D. Roosevelt Ave.
Hato Rey, PR 00918-2441

For Defendant Elliz-Bolivar:
DIANA LOPEZ-FELICIANO, ESQ.
Midtown Bldg. Suite 604
420 Ponce de Leon Ave.
San Juan, PR 00918

Produced by mechanical stenography; computer-aided transcription

For Defendant Davila-Reyes:

RAYMOND L. SANCHEZ-MACIERA, ESQ.
Sanchez Maceira Law Office
361 Del Parque St.
Magdalena Tower - Suite 203
San Juan, PR 00912

(PROCEEDINGS COMMENCED AT 9:35 A.M.)

THE CLERK: Criminal Case No. 15-721, United States of America versus Jose Reyes-Valdivia, Wilfredo Elliz-Bolivar and Jeffri Davila-Reyes for Change of Plea Hearing.

On behalf of the Government, Assistant U.S. Attorney Glenn H. Goetchius.

On behalf of the Defendants, Attorneys Vivianne M. Marrero-Torres, Diana Lopez-Feliciano and Raymond L. Sanchez-Maciera.

Defendants are all present and assisted by the certified court interpreter.

MR. GOETCHIUS: Good morning, Your Honor. The United States is ready to proceed.

MS. LOPEZ-FELICIANO: Good morning, Your Honor. Diana Lopez-Feliciano on behalf of Wilfredo Elliz-Bolivar.

MS. MARRERO-TORRES: Good morning, Your Honor. AFPD Vivianne Marrero on behalf of Mr. Reyes-Valdivia. We are ready.

MR. SANCHEZ-MACEIRA: Raymond Sanchez-Maceira on behalf of Jeffri Davila-Reyes. We are also ready.

THE COURT: I want to ask counsel if it's okay to take all three pleas at the same time.

MS. MARRERO-TORRES: No objection, Your Honor.

MS. LOPEZ-FELICIANO: No objection, Your Honor.

MR. SANCHEZ-MACEIRA: No objection.

THE COURT: Please put the Defendants under oath.

**JOSE REYES-VALDIVIA,**

after having been first duly
sworn or affirmed upon oath, was examined
and testified as follows:

**WILFREDO ELLIZ-BOLIVAR,**

after having been first duly
sworn or affirmed upon oath, was examined
and testified as follows:

**JEFFRI DAVILA-REYES,**

after having been first duly
sworn or affirmed upon oath, was examined
and testified as follows:

THE COURT: Before we start, because I will be asking questions to all three of you at the same time, I would like Mr. Reyes to answer first, then Mr. -- is your last name Elliz, or is your last name Bolivar?

DEFENDANT ELLIZ-BOLIVAR: Wilfredo Elliz-Bolivar.

THE COURT: Is Elliz your last name?

DEFENDANT ELLIZ-BOLIVAR: E-L-L-I-Z.

THE COURT: Answer my question. Is Elliz your last name?

DEFENDANT ELLIZ-BOLIVAR: Yes, Elliz.

THE COURT: You answer second, and Mr. Davila will answer third.

Is that understood?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT DAVILA-REYES: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

THE COURT: What did I just say? Mr. Reyes answers first, then Mr. Elliz, and then Mr. Davila.

Gentlemen, before I accept your petition to enter pleas of guilty, I have to determine that they are competent to make your pleas and that your petitions are completely voluntary.

Do all of you understand that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do all of you understand that you are now under oath?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Mr. Reyes, what is your full name?

DEFENDANT REYES-VALDIVIA: Jose David Reyes-Valdivia.

THE COURT: How old are you?

DEFENDANT REYES-VALDIVIA: Twenty-three.

THE COURT: How far did you go in school?

DEFENDANT REYES-VALDIVIA: Sixth grade.

THE COURT: Mr. Elliz, what is your full name?

DEFENDANT ELLIZ-BOLIVAR: Wilfredo Elliz-Bolivar.

THE COURT: How old are you?

DEFENDANT ELLIZ-BOLIVAR: Twenty-five.

THE COURT: How far did you go in school?

DEFENDANT ELLIZ-BOLIVAR: Fourth grade.

THE COURT: Mr. Davila, what is your full name?

DEFENDANT DAVILA-REYES: Jeffri Gerardo Davila-Reyes.

THE COURT: How old are you?

DEFENDANT DAVILA-REYES: Twenty years.

THE COURT: How far did you go in school.

DEFENDANT DAVILA-REYES: Third grade.

THE COURT: Have any of you been treated recently for any type of mental illness?

DEFENDANT REYES-VALDIVIA: No.

DEFENDANT ELLIZ-BOLIVAR: No.

DEFENDANT DAVILA-REYES: No.

THE COURT: Have any of you been treated recently

for addiction to any type of narcotic drug?

DEFENDANT REYES-VALDIVIA: No.

DEFENDANT ELLIZ-BOLIVAR: No.

DEFENDANT DAVILA-REYES: Yes.

THE COURT: What treatment did you receive, Mr. Davila?

DEFENDANT DAVILA-REYES: I don't remember the name. It's a pill that is given to me. Every night I get a pill at the Federal institution.

THE COURT: I didn't ask you what pills you were taking. I asked you whether you were treated recently for addiction to any type of narcotic drug. Treatment.

DEFENDANT DAVILA-REYES: No. No.

THE COURT: Are any of currently under the influence of any type of narcotic drug?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT REYES-VALDIVIA: I'm sorry. No, I am not.

THE COURT: Mr. Elliz?

DEFENDANT ELLIZ-BOLIVAR: No.

DEFENDANT DAVILA-REYES: No, Your Honor.

THE COURT: Are any of you taking any type of medication?

DEFENDANT REYES-VALDIVIA: No.

DEFENDANT ELLIZ-BOLIVAR: No.

DEFENDANT DAVILA-REYES: No.

THE COURT: Didn't you just say you were just taking some pills?

DEFENDANT DAVILA-REYES: Yes.

THE COURT: Well, that's my question. Are you taking any type of medication?

DEFENDANT DAVILA-REYES: Yes, at night. Every time of night they give me a pill.

THE COURT: Do you know the name?

DEFENDANT DAVILA-REYES: No. No.

THE COURT: What's it for?

DEFENDANT DAVILA-REYES: For anxiety.

THE COURT: Did you take it last night?

DEFENDANT DAVILA-REYES: Yes.

THE COURT: Are you feeling okay today?

DEFENDANT DAVILA-REYES: Yes. I feel fine, yes.

THE COURT: Can you make a knowing and voluntary plea without any problem?

DEFENDANT DAVILA-REYES: Yes. Without any problems whatsoever, yes.

THE COURT: Are any of you currently under the influence or have you drunk any alcoholic beverage within the last 24 hours?

DEFENDANT REYES-VALDIVIA: No.

DEFENDANT ELLIZ-BOLIVAR: No.

DEFENDANT DAVILA-REYES: No, Your Honor.

THE COURT: Gentlemen, why is it that you here today? What do you want to do?

DEFENDANT REYES-VALDIVIA: To plead guilty.

THE COURT: Mr. Elliz?

DEFENDANT ELLIZ-BOLIVAR: I am here also to plead guilty.

DEFENDANT DAVILA-REYES: Plead guilty, Your Honor.

THE COURT: Counsel, do any of you have any doubts as to your clients' competence to plead?

MS. MARRERO-TORRES: I don't, on behalf of Mr. Reyes-Valdivia.

MS. LOPEZ-FELICIANO: No, Your Honor.

MR. SANCHEZ-MACEIRA: On behalf of Mr. Davila, no, Your Honor.

THE COURT: Mr. Goetchius, do you have any doubts?

MR. GOETCHIUS: We hold no doubts, Your Honor.

THE COURT: Based on their answers to my questions and their appropriate demeanor, I find Defendants Jose Reyes-Valdivia, Wilfredo Elliz-Bolivar and Jeffri Davila-Reyes to be competent to enter their pleas of guilty.

Gentlemen, did all of you receive a copy of the indictment that's pending against you?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes.

THE COURT: Did you discuss the charges in the indictment with your attorney?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Did you discuss your decision to plead guilty with your attorney?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Are all of you fully satisfied with the counsel, representation and advice given to you by your attorney?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Gentlemen, when you first were arrested and you came to the court, you were taken before another judge, and at that time you pled not guilty to the charges.

Do you remember that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that you have a right to maintain that plea of not guilty if you wanted to?

DEFENDANT REYES-VALDIVIA: Yes, I understand.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that if you were to maintain a plea of not guilty, you would then have the right to a trial by jury?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that at the trial you would be presumed to be innocent?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that it's the Government that has to prove that you are guilty with competent evidence and beyond a reasonable doubt?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that if there were going to be a trial, you would have the right to have your lawyer present at the trial with you to help you with your

defense?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: And that you would have the right to see every witness that would come to trial to testify and listen to every witness' testimony.

Do you understand that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: And that you also would have the right to have those witnesses cross-examined as part of your defense.

Do you understand that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: And that you also would have the right not to testify or even present any evidence unless you voluntarily would want to do so as part of your defense.

Do you understand that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: And that you would have the right to have witnesses come to the trial to testify on your behalf as part of your defense, if necessary, by court order.

Do you understand that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that if you were to decide not to testify at the trial, or even present any evidence, that cannot be used against you?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that by entering a plea of guilty, if I accept your plea, there will not be a trial?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that you will have waived or give up your right to a trial, as well as those other rights that are associated with the trial that I just mentioned to you?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that by entering a plea of guilty, you also waive or give up your right not to incriminate yourself?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: And the reason for that waiver is that I have to ask you questions about what you did in order for me to be satisfied that you are guilty.

Do you understand that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that you will have to acknowledge your guilt?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that the offense to which you are pleading guilty, Count One of the indictment, is a felony offense?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that if I accept your plea, you will be adjudged guilty of that felony offense?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Are any of you a citizen of the United States?

DEFENDANT REYES-VALDIVIA: No.

DEFENDANT ELLIZ-BOLIVAR: No.

DEFENDANT DAVILA-REYES: No, Your Honor.

THE COURT: Mr. Goetchius, would you please summarize the plea agreement reached with each Defendant.

MR. GOETCHIUS: Yes, Your Honor.

In exchange for each Defendants' agreement to plead guilty and waive their right to appeal, the United States and each Defendant agree to recommend the following sentencing guideline calculations to the Court:

The base offense level of 30 because the parties stipulate that each Defendant is responsible for possession of at least 5 kilograms of cocaine but less than 15 kilograms of cocaine.

An adjustment, minus three levels, because each Defendant timely accepted responsibility for the offense, and the offense level is 16 or more, for a total adjusted offense level of 27.

The United States and the Defendants, after considering the advisory sentencing guidelines and all applicable sentencing factors in Title 18, United States Code section 3553, reserve the right to recommend a sentence of 120 months if the Criminal History Category determined by the Court is I through V.

If the Criminal History Category determined by the Court is VI, the parties reserve the right to recommend a sentence of confinement at the lower end of the applicable guideline sentencing range for a total offense of 27 when combined with each Defendants' Criminal History Category as determined by the Court.

THE COURT: There's a statutory minimum term though.

MR. GOETCHIUS: There is a statutory minimum.

Our recommendation reflects the fact that we will be recommending the minimum. However, if they go to VI, the guideline range will be above that mandatory minimum.

THE COURT: So if it's I through V, the recommendation by you and the Defendants is 120 months?

MR. GOETCHIUS: Yes, Your Honor.

THE COURT: Counsel, do all of you agree with the summary of your clients' plea agreement that Mr. Goetchius has stated?

MS. MARRERO-TORRES: Yes, Your Honor.

MS. LOPEZ-FELICIANO: Your Honor, on behalf of Wilfredo Elliz-Bolivar, according to the plea on page 4, we did agree for 27 months (sic) with Criminal History Category I would be 70 to 87 months, notwithstanding that Defendant does recognize that this doesn't bound the Court and that there is a statutory minimum 120 months.

Therefore, we understand that our agreement within the guidelines is -- the total offense level is 27, which provides for, Criminal History Category I, 70 months to 87 months.

THE COURT: No, you are wrong. There is a statutory minimum term of 120 months. I cannot by statute sentence him to anything less than 120 months. That's the agreement with you and the Government.

The Government will recommend that sentence also unless your client is Criminal History Category VI.

Is that understood?

MS. LOPEZ-FELICIANO: Yes, Your Honor.

THE COURT: Okay.

MR. SANCHEZ-MACEIRA: Your Honor, on behalf of Jeffri Davila-Reyes, I agree with the Prosecution.

THE COURT: So, gentlemen, do you agree with the summary of your plea agreement that the Prosecutor just stated?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Did all of you have an opportunity to discuss your plea agreement with your attorney before you signed it?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Counsel, did you explain your clients' plea agreement to him in Spanish?

MS. MARRERO-TORRES: I did, Your Honor.

MS. LOPEZ-FELICIANO: Indeed, Your Honor.

MR. SANCHEZ-MACEIRA: Yes, Your Honor.

THE COURT: Are you satisfied that your client understands his plea agreement?

MS. MARRERO-TORRES: Yes, Your Honor.

MS. LOPEZ-FELICIANO: Yes.

MR. SANCHEZ-MACEIRA: Yes, Your Honor.

THE COURT: Gentlemen, do all of you understand the terms of your plea agreement?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Does your plea agreement represent in its entirety all of your understandings with the Government?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that the terms of the plea agreement are recommendations to the Court?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that I can reject those recommendations without permitting you to withdraw your plea of guilty?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that by law I cannot sentence you to anything less than 120 months?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand, however, that I can sentence you to more than 120 months, up to a sentence of life imprisonment?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that if I do sentence you according to the terms, conditions, and representations contained in the plea agreement, you waive and surrender your right to appeal your sentence and the judgment in the case?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Has anyone made any promise or assurance to you of any kind in an effort to induce you to sign the plea agreement?

DEFENDANT REYES-VALDIVIA: No.

DEFENDANT ELLIZ-BOLIVAR: No, Your Honor.

DEFENDANT DAVILA-REYES: No, Your Honor.

THE COURT: Has anyone attempted in any way to force you to sign the plea agreement?

DEFENDANT REYES-VALDIVIA: No.

DEFENDANT ELLIZ-BOLIVAR: No, Your Honor.

DEFENDANT DAVILA-REYES: No, Your Honor.

THE COURT: Are all of you pleading guilty of your own free will because you are guilty?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: All three plea agreements are ordered filed and taken under advisement to be considered by the

Court in sentencing.

Gentlemen, you are all charged in Count One of the indictment with knowingly and intentionally combining, conspiring, confederating, and agreeing with each other to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine on board of a vessel subject to the jurisdiction of the United States.

Gentlemen, is that what you did?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: The maximum and minimum punishment that the law provides for the offense for what you are pleading guilty is a term of imprisonment which cannot be less than 10 years and can go up to life imprisonment, a term of supervised release of at least five years, and a fine that cannot be more than $10 million, plus each of you has to pay a special monetary assessment of $100 because you are pleading guilty to one count.

Counsel, did all of you discuss and explain the terms of supervised release to your clients?

MS. MARRERO-TORRES: I did, Your Honor.

MS. LOPEZ-FELICIANO: Yes, Your Honor.

MR. SANCHEZ-MACEIRA: Yes, Your Honor.

THE COURT: On the date that you are -- are any of you a resident of the United States?

MS. MARRERO-TORRES: Mr. Reyes-Valdivia is not, Your Honor.

MS. LOPEZ-FELICIANO: No, Your Honor.

MR. SANCHEZ-MACEIRA: No.

THE COURT: So on the date that you are sentenced, I will also impose upon you a term of supervised release. This term will be in effect if and when you are in the United States.

If you are in the United States, you will be under the supervision of a probation officer, and you will have to comply with conditions that I will also impose upon you on the date that you are sentenced.

If you violate any of those conditions, the probation officer will tell me. And after we have a hearing here in court, I can revoke your supervised release term and send you back to prison.

Do all of you understand that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do all of you understand all those serious possible consequences of your plea of guilty?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that sentencing within the sentencing guidelines is a matter for the Court to decide?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Have you and your attorney talked about how the sentencing guidelines might apply to your case?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that I won't be able to determine what the guideline sentence for your case will be until after I receive a completed pre-sentence investigation report prepared by the probation officer?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that the sentence that I may impose upon you may be different from any estimate that your attorney may have given you and even different from what is being recommended in the plea agreement?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that the sentence that I may impose upon you may be affected by your criminal history?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that even after your sentencing guideline range has been determined, I can in some circumstances depart from those guidelines and, in your case, impose a sentence on you that is more severe than the sentence called for by the guidelines?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: I just want to repeat myself that I want you to understand that I cannot sentence you because of the law to anything less than 120 months.

Do you understand that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Do you understand that there is no parole in the Federal system?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: If you are sentenced to prison, you will not be released on parole.

Do you understand that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Mr. Goetchius, has Government provided full and complete discovery to counsel?

MR. GOETCHIUS: Yes, we have, Your Honor.

THE COURT: Please give a brief explanation of the theory to be presented to prove each Defendant guilty if a trial were to be held.

MR. GOETCHIUS: Yes, Your Honor.

On or about October 29th, 2015, a maritime patrol aircraft located a go-fast vessel operating in international waters approximately 30 nautical miles southeast of the San Andres, Colombia.

Once the subjects on the vessel counter-detected the MPA, they began jettisoning packages and fuel barrels overboard while heading south between 35 to 45 knots.

The vessel was tracked by aircraft and eventually came to a stop. The U.S. Coast Guard boarding team

approached the vessel and commenced right of approach questioning.

The master claimed Costa Rican nationality for the vessel but provided no registration, paperwork, and there was no indicia of nationality on the vessel.

The Government of Costa Rica was approached. They responded they could neither confirm nor refute the registry of suspect vessel.

The vessel was determined to be one without nationality.

Once on board the vessel, the boarding team encountered three subjects: Jose Reyes-Valdivia, Wilfredo Elliz-Bolivar and Jeffri Davila-Reyes.

The boarding team conducted ion scan swipes of the vessel, and the hands and clothes of the Defendants, giving positive results for the presence of cocaine on multiple services of the vessel and all three Defendants.

Additional narcotics were not located on the boat, and the jettisoned packages could not be recovered.

However, for the purposes of the plea agreement, each Defendant admits that he conspired to possess with intent to distribute cocaine on board of a vessel subject to the jurisdiction of the United States, accept responsibility for the possession of at least 5 kilograms but no more than 15 kilograms of cocaine.

The Defendants were detained and eventually transferred to San Juan, Puerto Rico, which is the first place they entered the United States subsequent to the commission of the above offense.

Had the United States proceeded to trial, it would have presented testimony of law enforcement agents, videos and photographs of the vessel interdiction, expert testimony from an ion scan technician, and documentary evidence.

Discovery was provided to the Defense in a timely manner.

THE COURT: Gentlemen, do you agree with the Government's version that you just heard?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Is that what you did?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Now, I want to tell you one thing before I go on, in order for me to sentence you to less than 120 months, you have to comply with what we call the safety valve. Your attorney may explain that to you.

So, just for your knowledge, if you do the safety valve, then I can sentence you to less than 120 months.

Do all three of you understand that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: So do you still want to plead guilty?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Mr. Reyes, how do you plead to the charges before the Court? Guilty or not guilty?

DEFENDANT REYES-VALDIVIA: Guilty.

THE COURT: Mr. Elliz, how do you plead to the charges before the Court? Guilty or not guilty?

DEFENDANT ELLIZ-BOLIVAR: Guilty, Your Honor.

THE COURT: Mr. Davila, how do you plead to the charges before the Court? Guilty or not guilty?

DEFENDANT DAVILA-REYES: Guilty, Your Honor.

THE COURT: It's the finding of the Court in the case of the United States versus Jose Reyes-Valdivia, Wilfredo Elliz-Bolivar and Jeffri Davila-Reyes that all three Defendants are fully competent and capable of entering their informed plea, that they are aware of the nature of the charges and the consequences of their pleas, and that their pleas of guilty are knowing and voluntary ones, supported by independent bases in fact containing each of the essential

elements of the offense.

Their pleas are, therefore, accepted, and they are now adjudged guilty of that offense.

The Court orders pre-sentence investigation reports to be prepared by the probation officers to assist the Court in sentencing.

Gentlemen, it's very important that you cooperate with the probation officer when this report is being prepared. Your attorney may accompany you during and help you with your participation with the probation officer assigned to your case.

Do all of you understand that?

DEFENDANT REYES-VALDIVIA: Yes.

DEFENDANT ELLIZ-BOLIVAR: Yes, Your Honor.

DEFENDANT DAVILA-REYES: Yes, Your Honor.

THE COURT: Counsel, please have your client interviewed by the probation officer as soon as possible.

May I have sentencing date, please.

THE CLERK: July 6, 2016, at 9:00 a.m.

THE COURT: Sentence on July 6, 2016, at 9 o'clock in the morning.

Anything else?

MS. LOPEZ-FELICIANO: Yes. May it please the Court.

On behalf of Mr. Elliz-Bolivar, he does understand

and we do understand that the sentencing must be July 6, 2016. Nonetheless, he asked me to pray to this Court if any expedite sentences could take place because they are in the process of -- once sentenced, they talked to the Consulate of Costa Rica in Puerto Rico, and they offered -- and they are going to start -- once sentence has been recorded, they are going to start a process of extradition.

There is an agreement between -- an international agreement between the United States and the Government of Costa Rica that they do extradite inmates. And --

THE COURT: In other words, for him to serve his sentence in Costa Rica?

MS. LOPEZ-FELICIANO: Correctly.

Why? Because Mr. Elliz does not have relatives, no relatives, no family, no one --

THE COURT: Well, the only way to do that is for you to waive the 35 days that you are allowed to object to the pre-sentence investigation report. And the sooner you have Mr. Elliz interviewed by the probation officer, the sooner that report will be disclosed.

MR. SANCHEZ-MACEIRA: Your Honor, allow me to join in that requisition.

THE COURT: I am going to do that for all three of you.

MR. GOETCHIUS: Your Honor, if I may. I have

something for the record. I have seen this in the past where international defendants make this request.

Again, just for purposes of the record and so that the Defendants understands, to be eligible for that program, there could be no pending appeal. So I have seen where people have requested it if they have had an appeal pending.

So we will not consent to that extradition if there is a pending appeal.

THE COURT: Of course, if they are sentenced to what is being recommended in the plea agreement, they have waived their right to appeal.

MR. GOETCHIUS: Yes, Your Honor.

THE COURT: Thank you. You are excused.

MS. LOPEZ-FELICIANO: Thank you, Your Honor.

MR. GOETCHIUS: Permission to withdraw, Your Honor.

(PROCEEDINGS ADJOURNED AT 10:10 A.M.)

REPORTER'S CERTIFICATE

I, JOE REYNOSA, Official Court Reporter for the United States District Court for the District of Puerto Rico, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct computer-aided transcript of proceedings had in the within-entitled and numbered cause on the date herein set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

S/Joe Reynosa

**JOE REYNOSA, CSR, RPR**
United States Court Reporter
Federico Degetau Federal
Building, Room 150
150 Carlos Chardón Street
San Juan, Puerto Rico 00918-176
(787) 772-3000